**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

FLOYD WILLIAMS,

Plaintiff,

v. Case No. 2:25-CV-00128-LA

MILWAUKEE BOARD OF SCHOOL DIRECTORS,

Defendant.

---

# FRCP 26(f) JOINT DISCOVERY PLAN AND PRELIMINARY PRETRIAL CONFERENCE REPORT

---

Pursuant to Fed. R. Civ. P. 26(f) and this Court's order, the parties, through their respective counsel, conferred on June 6, 2025, and submit the following Preliminary Pretrial Conference Report and discovery plan:

**Fed. R. Civ. P. 16(b) scheduling conference: June 27, 2025 and 11:00 am CT.**

Attorneys' contact telephone numbers: Ben Hitchcock Cross: 414-224-0000

Laurie J. McLeRoy: 414-287-1480
Hanna Kolberg: 414-287-1248
Michael Sherer: 262-923-8668

## PROPOSED DISCOVERY PLAN

### A. Nature and basis of claims and defenses.

Plaintiff is a former employee of Milwaukee Public Schools ("MPS") that voluntarily left employment in 2013, but since 2018 has applied to numerous positions to return. Plaintiff maintains less qualified candidates were forwarded by the Superintendent and hired based on their race and age stereotypes. Plaintiff alleges discrimination based on race and age. Defendant denies

Plaintiff's claims and alleges that it hired the best qualified candidate for each position not awarded Plaintiff.

**B. The possibilities for promptly settling or resolving the case.**

The parties have not engaged in any settlement discussions.

**C. Proposed Case Schedule.**

The parties realize that the Court may work backwards from an available trial date but can confirm that these proposed dates work for the parties. The parties also discussed the likelihood of dispositive motions and the possibility of having to reschedule a trial because of the potential for a significant number of legal issues.

| **EVENT** | **DEADLINE** |
|---|---|
| Rule 26(a)(1) initial disclosures | July 7, 2025 |
| Plaintiff's requested deadline for amending the pleadings and for adding new parties.<br>Defendants object to any further amendments to the pleadings and object to adding new parties. | August 6, 2025 |
| Plaintiff's Rule 26(a)(2) expert disclosures | October 6, 2025 |
| Defendants' Rule 26(a)(2) expert disclosures | December 15, 2025 |
| Discovery cutoff | April 10, 2026 |
| Dispositive motions deadline | May 22, 2026 |
| Final pretrial reports | To be scheduled by the Court following decision on dispositive motions |
| Final pretrial conference | To be scheduled by the Court following decision on dispositive motions. |
| Trial | TBD |

**D. Modifications to Limitations on Discovery Imposed by the Federal Rules and Post-Production Claims of Privilege/Attorney Work Product.**

No changes are requested at this time to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules. All post production claims of privilege or work product protection as trial preparation material are governed by Fed. R. Civ. P. 26(f)(3)(E). To the extent a party seeks production of information deemed confidential by a party, the parties will attempt, in good faith, to come to an agreement regarding a proposed protective order. In the event the parties are unable to come to an agreement, any party may file a motion asking this Court to enter into a protective order.

**E. OTHER INFORMATION REQUESTED IN HEARING NOTICE**

**1. A brief description of the nature of the case.**

Plaintiff:

a. Did MBSD discriminate in its employment hiring practices on the basis of race;

b. Did MBSD discriminate in its employment hiring practices on the basis of age;

**2. Whether the parties contemplate amending the pleadings, by joining parties or for other reasons.**

While the Plaintiff does not contemplate amending his complaint, he reserves the right to request amendment.

Defendant does not agree that Plaintiff should be permitted to amend his complaint.

**3. Any contemplated motions.**

The parties plan on filing dispositive motions and motions *in limine*.

**4. Such other matters may affect the scheduling of this case for final disposition.**

**a. Whether the case is exempt from initial disclosures and discovery conference pursuant to Fed. R. Civ. P. 26(a)(1)(B) and 26(f).**

This case is not exempt from initial disclosures and discovery conference pursuant to Fed. R. Civ. P. 26(a)(1)(B) and 26(f). Initial Disclosures shall be made by July 7, 2025.

**b. Electronic Service.**

The parties consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

**c. Electronic Copies.**

The parties agree that copies of all written discovery requests shall be provided and/or served electronically in editable form; counsel shall provide, upon request, a word or other editable version of any requests sufficient to allow the responding party to use for drafting answers.

**d. Electronically stored information ("ESI").**

The parties are unaware of any issues related to the disclosure of discovery of ESI. The parties agree that they will not object to the initial production of ESI in electronic (PDF) format, thereby allowing documents produced to be indexed and individually marked through "Bates" stamping. The producing party must preserve the integrity of the electronic documents' content (i.e. the original formatting of the document, its metadata and, where applicable, its revision history). If either party wishes to discover ESI associated with a PDF document, the party will notify the other party in writing and identify the specific document(s) by Bates number(s). The party requesting the ESI will identify the nature of the ESI it seeks and the format or medium in which it would like the ESI produced. The parties will then confer in good faith regarding the

availability of the requested ESI and any expenses associated with the production of such information. If the requesting party seeks discovery of ESI from sources identified as not reasonably accessible, the parties will discuss: (1) the burdens and costs of accessing and retrieving information; (2) the needs that may establish good cause for requiring production of all or part of the information, even if the information sought is not reasonably accessible; and (3) conditions on obtaining and producing this information, and reach an agreement on the discovery. The parties have discussed their obligations to preserve all discoverable ESI.

If the parties are unable, in good faith, to reach a workable solution to any issues relating to ESI, either party may bring a motion to the Court for resolution.

**e. Protective Order.**

The parties anticipate requesting information which may be deemed confidential information by one or both parties. That the extent a confidential information is produced, the parties will attempt, in good faith, to come to an agreement regarding a proposed protective order. In the event the parties are unable to come to an agreement, any party may file a motion asking this Court to enter into a protective order.

Dated this 20th day of June, 2025.


On behalf of Plaintiff :

/s/ Ben Hitchcock Cross
Ben Hitchcock Cross (#1066395)
Cross Law Firm, S.C.
845 North 11th Street
Milwaukee, WI 53233
Phone: (414) 224-0000
Fax: (414) 273-7055
bchc@crosslawfirm.com

On behalf of Defendant:

/s/ Laurie J. McLeRoy
Laurie J. McLeRoy(SBN 1018964)
Hanna R. Kolberg (SBN 1067382)
Michael R. Sherer (SBN 1132052)
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Phone: (414) 287-1480
Fax: (414) 238-6641
Laurie.mcleroy@vonbriesen.com